**FULL TEXT**
(Continued on Page 764)

# SYLLABI

The following are official syllabi of Cases which will appear in the Court of Appeals Report.

### No. 832

### SCHWARTZ v. POSTAL TELEG.

### CABLE Co.

Ohio Appeals, 8th Dist., Cuyahoga Co.
Gordon & Gordon, Cleveland, for Schwartz.
Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Postal Co.

**1163. TELEGRAPH AND TELEPHONE. —829. Negligence.**

SULLIVAN, J.

1. Since Act. Cong. June 18, 1910, Section 7 (U. S. Comp. St. Section 8563) placed telegraph companies under exclusive jurisdiction of Interstate Commerce Commission and authorized them to file tariff rates, agreement of person in charge of telegraph office to notify sender of non-delivery of message before 4 p. m. of day of receipt held not enforceable, in view of stipulation on back thereof that no employe was authorized to vary terms and conditions of transmission of messages.

2. Telegraph company held not negligent in non-delivery of message where non-delivery was due to plaintiff's absence from place of address.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

------

### No. 833

### TILLOTSON & WOLCOTT CO. v. SCOTT-

### DALE MACHINE & MFG. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
Tolles, Hogsett, Ginn & Morley, Cleveland, for Tillotson & Wolcott Co.
Mauer, Bolton & McGiffin and Wiley, Marriner & Wiley, Cleveland, for Scottdale Mfg. Co.

**587. GUARANTY.—297. Contracts.—1277. Words and Phrases.—355. Damages.**

SULLIVAN, J.

1. Language of written instrument cannot escape its natural and logical meaning, if unambiguous.

2. If language of a written contract is ambiguous, facts and elements surrounding it must be employed to ascertain true meaning.

3. Ambiguity in written instrument to permit extraneous facts in interpretation should arise from language, and not be element foreign to context and forced therein to strain meaning apparent by language.

4. Written instrument, guaranteeing payment by buyer of amounts due under contract, in which guarantors limited themselves specifically to payment of drafts for work completed, held not to extend beyond financing of payments for completed materials, and did not include damages for buyer's breach of contract.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.